UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-56-M

**JAMES E. HAYES**                                                                 **PLAINTIFF**

**v.**

**BOB POOLE,** *et al.*                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, James E. Hayes, filed this civil action along with an application to proceed without prepayment of filing fees.  Since he makes the requisite showing to proceed *in forma pauperis*, his application will be granted by a separate order.  His complaint is before this court for review pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  Because this court lacks jurisdiction over the complaint, it will dismiss this civil action.

**I.  SUMMARY OF CLAIMS**

Mr. Hayes is a resident of Owensboro, Kentucky, and he brings this civil action against Bob Poole, who is also a Kentucky citizen, and Pride Mobility Product, Corp., a Pennsylvania corporation, complaining that the wheelchair sold so him was defective.  He claims that for two years he has repeatedly asked the defendants to repair his wheelchair, which was in a defective condition when delivered to him.  Because the defendants have failed to repair the chair, Mr. Hayes claims that he has sustained injuries to his elbows and experienced swelling in his feet.  He seeks a new wheelchair and 2.7 million dollars in damages.

## II.  ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998).  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Board of Ed.*, 114 F.3d 162, 165 (11th Cir.1997)); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"For federal jurisdiction to exist, unless citizenship is diverse, a plaintiff's well-pleaded complaint must raise an issue 'arising under' the laws of the United States."  *Musson Theatrical, Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1252 (6th Cir. 1996).  The party, who seeks to invoke a federal district court's jurisdiction, bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.

Nowhere in the complaint does the plaintiff specifically set forth the basis of this court's jurisdiction over the subject matter of his complaint, and that failure is in direct violation of the applicable federal civil rule of procedure.  *See* Fed. R. Civ. P. 8(a) ("A pleading ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends,....").

The court has reviewed the substance of his complaint, and it appears that the factual and legal allegations contained therein concern state law issues.  Nothing in the complaint establishes a basis for federal jurisdiction.  For example, there is no diversity of citizenship for the plaintiff and one of the defendants are citizens of the Commonwealth of Kentucky.  And, the plaintiff alleged no claim arising under the Constitution, laws, or treaties of the United States.  Therefore, this court lacks subject matter jurisdiction over the instant dispute.  *See generally*, 28 U.S.C. §§ 1330-1364.

Accordingly, the court will enter a separate order, dismissing this action for lack of subject matter jurisdiction.

Dated:

cc:     Plaintiff *pro se*
        4414.002